THE STATE OF OHIO, APPELLEE, *v.* WOODRUFF, APPELLANT.

(CA 1811—Decided August 22, 1983.)

*Mr. James A. Berry,* prosecuting attorney, and *Ms. Sally L. Dilgart,* for appellee.

*Messrs. Pickrel, Schaeffer & Ebelin* and *Mr. Wendell D. Sellers,* for appellant.

KERNS, J. The defendant-appellant, Charles "Tink" Woodruff, was tried by jury in the Court of Common Pleas of Clark County and found guilty of rape in violation of R.C. 2907.02(A)(1) and, from the judgment and sentence thereupon entered in the trial court, Woodruff has perfected an appeal to this court.

According to the record, a polygraph examination was given to the rape victim, one Shelly Lambert, to determine the truthfulness of her answers to questions as to whether she consented to intercourse. The examination was given to the victim during the investigation of the crime by the police, but the results of the examination were "inconclusive."

Thereafter, the state sought, through both a motion in limine and objections at the trial, to keep the results of the test from the consideration of the jury; but, over the objection of the state, the polygraph examiner, Lieutenant Robert Beady, was called by the defense as a witness and permitted to testify that "the charts were of a nature that could not be

interpreted as either truthful or deceptive," and that he "was unable to tell whether she had consented or had not consented."

At the trial, appellant contended that the polygraph results were admissible to test the credibility of the complaining witness, and the examiner's testimony was the only evidence presented for the defense.

In seeking a reversal of the judgment, appellant relies entirely upon the following assignment of error:

"The trial court erred in admitting into evidence testimony as to the results of a polygraph examination."

Ordinarily, the results of a lie detector test are not admissible. 27 Ohio Jurisprudence 3d 476, Criminal Law, Section 1181. Likewise, evidence as to the willingness or unwillingness of a party to take a polygraph test is not admissible. *State* v. *Hegel* (1964), 9 Ohio App. 2d 12 [38 O.O.2d 25]; *State* v. *Smith* (1960), 113 Ohio App. 461 [18 O.O.2d 19]. However, the prohibition against such evidence has been relaxed to the extent that the results of a polygraph examination are admissible for purposes of corroboration or impeachment upon the fulfillment of conditions subscribed to by the parties pursuant to a written stipulation. *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207]. Here, no stipulation of any kind was involved, and under existing Ohio law, the admission of the results of the polygraph examination constituted error. See *State* v. *Back* (March 24, 1980), Clark App. No. 1326, unreported.

Thus, we reach the critical issue in this appeal — whether the admission of the "inconclusive" results of the polygraph examination, as testified to by the expert witness, denied appellant a fair trial or had any material effect upon the outcome of the case. In this regard, we note that the conclusion of the Supreme Court in *State* v. *Souel, supra,* was based upon an adherence to the tactical choice of the defendant rather than upon a finding that the lie detector evidence was reliable. Likewise, in the case of *State* v. *Towns* (1973), 35 Ohio App. 2d 237 [64 O.O.2d 371], the court relied upon procedural fairness in sanctioning the admission of lie detector evidence.

In the present case, the position of the appellant is vulnerable for two reasons. In the first place, a jury necessarily would have to speculate at considerable length to attach any real significance to the "inconclusive" results of the examination; and, second, the record shows that the testimony was admitted, over objection, at the behest of the defendant himself who was apparently of the opinion, at the time, that the nature of such evidence gave him some tactical advantage. In other words, appellant not only failed to object to the admission of such evidence, *Patterson* v. *State* (1917), 96 Ohio St. 90, 104, but, on the contrary, he actually introduced the evidence through his own witness. In this regard, it is significant that defendants in criminal cases are commonly permitted to waive rights which are more fundamental, more specifically guaranteed, and more jealously guarded by law, than any rule of evidence. Furthermore, the rule of "invited error," a corollary of the principle of equitable estoppel, prohibits a party who induces error in the trial court from taking advantage of such error on appeal. See 5 Ohio Jurisprudence 3d, Appellate Review, Section 543 *et seq.*

Accordingly, the alleged error is overruled, and it otherwise appearing that the state produced sufficient evidence, if believed by the jury, to support the verdict by the requisite degree of proof, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WEBER, J., concur.