OPINION
Appellant, Thomas J. Tarica, appeals his conviction and sentence entered by the Trumbull County Court, Eastern District, for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellee, the State of Ohio, has filed an answer brief. For the reasons which follow, we affirm the judgment of the trial court.
On July 5, 1997, appellant was stopped by Trooper Marvin Hill ("Trooper Hill") in Trumbull County for driving left of center four times in a no-passing zone. According to appellant, he was attempting to pass a slow-moving vehicle in front of him. After making the initial stop, field sobriety tests were performed, and appellant submitted to a Breathalyser test. He tested .186. Appellant was arrested for several offenses, including driving while under the influence of alcohol ("DUI") in violation of R.C.4511.19(A)(1).[1]
Appellant filed a motion to suppress, attacking both the propriety of the initial stop and the arrest on the DUI charge. The trial court scheduled and held a hearing on the motion to suppress on August 7, 1997. At the hearing, appellant indicated to the trial court on the record that he was only focusing his motion on the propriety of the initial stop. The trial court denied the motion. Appellant thereafter entered a plea of no contest to the charge of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). The trial court found appellant guilty and sentenced him accordingly.[2]
Appellant perfected a timely appeal of his conviction and sentence based on the trial court's denial of his motion to suppress. He asserts two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS DUE TO THE FACT THAT THE ARRESTING TROOPER LACKED PROBABLE CAUSE TO ARREST THE APPELLANT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL.
 "[2.] THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [sic] MOTION TO SUPPRESS BECAUSE THE ARRESTING TROOPER WAS INCOMPETENT TO TESTIFY AT SAID HEARING IN THAT THERE WAS NO EVIDENCE THAT HE WAS OPERATING A MARKED PATROL VEHICLE WHEN EFFECTUATING THE ARREST."
In his first assignment of error, appellant argues that there was no testimony at the suppression hearing which would justify a conclusion that Trooper Hill had probable cause to arrest
appellant for driving while under the influence of alcohol. Appellant is arguably correct in his assertion because the suppression hearing was expressly limited to the issue of whether Trooper Hill had either reasonable suspicion or probablecause to make the initial stop of appellant. Indeed, no testimony whatsoever was received from either side on the issue of whether Trooper Hill had probable cause to arrest appellant on a DUI charge once Trooper Hill had made the initialstop.
The reason for the limited inquiry is that appellant clearly indicated to the court at the commencement of the hearing that he was only concerned with the original stop. The transcript of the suppression hearing reveals the following exchange:
 "COURT: This is set today for a hearing on a motion to suppress?
"[ASSISTANT PROSECUTOR]: Yes, Your Honor.
"COURT: What issues are we here on?
"[ASSISTANT PROSECUTOR]: The original stop, I believe.
 "[APPELLANT'S COUNSEL]: Probable cause on the original stop, Your Honor. All other issues can be deferred to trial in this matter with regard to the proper calibration and so forth. We're just talking about the probable cause issue. (Off the record.)
 "COURT: OK. So we'll limit it today only on the probable cause. * * *" (Emphasis added.)
The state thereafter called Trooper Hill to the stand and questioned him as to the events leading up to the initial stop of appellant. Trooper Hill indicated that he was traveling behind appellant and that he saw appellant cross over the double yellow center line of the road no less than four times, in a weaving, drifting manner. The questioning did not go to events following the stop. Appellant likewise limited his cross-examination to the events leading up to the initial stop. Appellant also took the stand and was questioned by both sides only as to the events leading up to the initial stop.
Then, at the end of the hearing, during closing arguments, appellant's counsel repeatedly referenced issues relating to whether Trooper Hill had probable cause to arrest appellant for the DUI charge. In response, the trial court indicated that counsel was going beyond the agreed scope of the suppression hearing.
Appellant's counsel did not object at this point or otherwise indicate that a misunderstanding had occurred, or that the suppression hearing had been too narrowly focused. The trial court denied the motion to suppress on August 7, 1997, indicating that the arresting officer had probable cause to stop appellant.
In light of the foregoing, we conclude that appellant's first assignment of error constitutes either invited error or a waiver of the issue. Appellant cannot now raise, for the first time on appeal, issues going to the existence of probable cause for the arrest on the DUI charge. See State v. Woodruff (1983), 10 Ohio App.3d 326. Even if appellant's written motion raised the issue of probable cause for the arrest at the suppression hearing, he orally indicated to the trial court that he was only proceeding on the stop issue and, in effect, withdrew the arrest issue.
Appellant was required to argue all suppression issues prior to trial, and he failed to do so. See Crim.R. 12(B)(3). Moreover, once it became apparent to all participants that the trial court understood the hearing was to have a more limited focus, appellant had an obligation to object. Thus, appellant invited the error and has waived the right to argue this issue now. See Crim.R. 12(G).
Finally, there is no question that Trooper Hill had probable cause to stop appellant for the traffic violation of driving left of center which he witnessed appellant commit on no less than four occasions. See R.C. 4511.25. Appellant essentially concedes the same in his appellate brief. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues, again for the first time on appeal, that the trial court erred in overruling his motion to suppress because Trooper Hill, the arresting officer, was incompetent to testify. According to appellant, there was no evidence that Trooper Hill was driving in a marked car or that he was wearing a uniform, thus the allegation of incompetency. See R.C. 4549.13, 4549.14 and Evid.R. 601(C). However, we determine that appellant has failed to preserve this issue for appellate review because he failed to object to Trooper Hill's competency as a witness at the suppression hearing. Statev. Clark (1983), 10 Ohio App.3d 308, 311-312.
Nor do we perceive any plain error in this regard as the record belies appellant's contentions. Trooper Hill testified that he was in uniform and in a cruiser at the time of the stop. Moreover, appellant indicated in his testimony that he saw Trooper Hill put on his lights. Finally, in appellant's motion to suppress, appellant indicated that "he at all times knew that he was being followed by an Ohio State Highway Patrol Vehicle." Appellant's second assignment of error is meritless.
In light of the foregoing analysis, appellant's two assignments of error are devoid of merit. The judgment of the trial court is affirmed. __________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J.,
O'NEILL, J., concur.
[1] Although appellant appealed all of his convictions arising out of the July 5, 1997 stop (the DUI charge, driving without a valid license, driving left of center, and failure to wear a seat belt), he limits his argumentation in this appeal to whether the arresting officer had probable cause to arrest appellant on the DUI charge. Thus, there is no need to address appellant's convictions on the other charges. Moreover, as the opinion will indicate, there is no merit to appellant's argument that the initial stop was improper. Consequently, none of the other charges would be reversed on that ground.
[2] Although appellant moved the court to stay the execution of sentence pending appeal, it is not entirely clear in the record before this court whether the trial court granted the motion. It would appear that it did.