JOURNAL ENTRY and OPINION
Defendant-appellant herein, Edward Heyward, appeals from his conviction on two counts of sexual battery in violation of R.C.2907.03.[1] For the reasons adduced below, we affirm the judgment of the trial court.
The charges against the appellant arose out of his employment as a supervisor with the State of Ohio Department of Corrections.[2]
During the relevant time period the appellant was stationed at the Northeast Pre-Release Center. On August 29, 1998, the appellant is alleged to have entered the cell of a female prisoner on two different occasions on the same day, ordered her into the bathroom and instructed her to perform oral sex on him. During the second of the two incidents the appellant was alleged to have also digitally penetrated the victim.
The appellant was indicted on two counts of sexual battery on February 11, 1999.[3] A jury trial was commenced on June 22, 1999. On June 25, 1999, the jury returned a verdict finding the appellant guilty on both counts. The appellant timely filed the within appeal from the jury's verdict, specifically challenging numerous evidentiary rulings made by the trial court during the course of the trial. The appellant's first assignment of error states:
 I. THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED A STATE WITNESS TO REPEATEDLY TESTIFY TO ALLEGED STATEMENTS MADE BY ANOTHER WITNESS AND THE ALLEGED VICTIM.
The appellant maintains that the trial court committed prejudicial error when it permitted witness Olivia Whitfield, who was another inmate at the institution where the appellant was stationed, to testify as to statements allegedly made by the victim and a third inmate around the time when the appellant was demanding sexual favors from the victim. The appellant points specifically to four instances where he alleges that the trial court failed to sustain objections made to testimony which purportedly constituted hearsay.
In the first instance, Whitfield testified that the third prisoner, Trina Phillips, asked her, immediately after Phillips witnessed the appellant and the victim enter the bathroom together, whether she had saw what happened and then stated that's pitiful, that is a shame. * * * I'm going to report this. I don't have to be subjected to this. It is disrespectful. Whitfield testified that she responded to Phillips by stating * * * girl, you better lay back down and just act like you don't see anything, because that's a white shirt. That's a captain and he could ship you out of here.
In the second instance of alleged prejudicial hearsay, Whitfield testified that the victim told her that the appellant was coming back for more sexual relations at the 2:00 count and that he told the victim to make sure she didn't have any panties on underneath her pajama shorts this time.
In the third instance complained of, Whitfield testified that the victim, who initially denied improper conduct on the part of the appellant, told other inmates that if someone was to start a rumor that the victim serviced the appellant in the bathroom, the appellant could have that person shipped away on the next ride out of here.
In the fourth and final instance of alleged hearsay, Whitfield merely stated that the victim had told her that she thought that the appellant would be upset and might have something done to her if she were to give a complete and accurate statement to investigators investigating the alleged misconduct. This statement was made to Whitfield by the victim in the context of Whitfield encouraging the victim to come clean with the investigators and tell what really happened between her and the appellant.
In reviewing the testimony provided by Whitfield which allegedly constitutes hearsay, this court concludes that none of the statements at issue constitute hearsay because none of them were offered to prove the truth of the matter asserted. Furthermore, to the degree that any of the challenged testimony might be construed to constitute hearsay, we conclude that the failure of the trial court to sustain appellant's trial counsel's objections to the testimony was harmless error.
We note that the trial court has broad discretion in determining whether relevant evidence should be admitted or excluded. State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. We will not overturn a trial court's ruling absent a showing of an abuse of discretion. Statev. Martin (1985), 19 Ohio St.3d 122, 129, 483 N.E.2d 1157.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally inadmissible unless the evidence falls within one of the recognized exceptions. Evid.R. 802. "The admission into evidence of a hearsay statement pursuant to a firmly rooted hearsay exception does not violate a defendant's right of confrontation." State v. Dever (1992), 64 Ohio St.3d 401,596 N.E.2d 436, paragraph three of the syllabus, following White v.Illinois (1992), 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848.
Evid.R. 103(A) provides in part:
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *.
In State v. Bidinost (1994), 71 Ohio St.3d 449, 464, the court stated that where the court erroneously admits evidence, but there is remaining overwhelming evidence of the defendant's guilt, the error is considered harmless. Error is harmless when there is no reasonable possibility that the jury would have acquitted the defendant had the evidence not been admitted. See State v. Brown
(1992), 65 Ohio St.3d 482, 605 N.E.2d 45.
None of the testimony complained of in the instant case was offered to prove the truth of the matter asserted. Rather, the testimony merely tended to establish that conversations to which Whitfield testified took place. Whitfield did not testify that the victim or anyone else ever told her that the appellant and the victim engaged in sexual conduct while in the bathroom off of the victim's cell.
Evid.R. 803 provides numerous exceptions to the general rule of the inadmissibility of hearsay. Evid.R. 803(1) (Present senseimpression) provides that a statement is admissible which would otherwise be excluded as hearsay if it is [a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate a lack of trustworthiness. In the first alleged instance of hearsay contained within this assignment of error, Whitfield was relating statements made by Trina Phillips concerning the appellant's seemingly inappropriate behavior made immediately after Phillips had witnessed the appellant enter the bathroom and while the appellant was still in the bathroom with the victim. This statement was thus a present sense impression as it was made while the declarant was perceiving the event or condition which was described in the statement.
The victim herself testified to all of the specifics of the sexual encounter in excruciating detail. It was clear from the victim's testimony that she had, in fact, engaged in some sort of sexual relationship with the appellant as she was familiar with intimate details relating to the appellant's anatomy and under garments.
Prison logs introduced into evidence at trial confirm the appellant's whereabouts during the relevant time period. Additionally, there was other testimony that the appellant and the victim were seen entering the bathroom together where the sexual activity took place and that such behavior was highly unusual in this particular facility.
The above referenced testimony was certainly far more probative as to the ultimate issue of the appellant's guilt than the allegedly hearsay testimony complained of in this assignment of error. The appellant presented no credible testimony which related to the ultimate issue at trial.
Because we conclude that the testimony in question was not hearsay and because there is no reasonable possibility that the jury would have acquitted the appellant had the objections to the testimony been sustained, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED A STATE WITNESS TESTIMONY (SIC) TO BE BOLSTERED BY HER STATEMENT THAT SHE HAD TO TAKE A POLYGRAPH EXAMINATION.
This assignment of error refers to Whitfield's testimony that she was told that she would have to take a lie detector test by a state trooper during the investigation of the appellant's illicit behavior with another inmate. Whitfield never stated at trial whether or not she actually was administered a polygraph exam or what the results of any such test were.
In State v. Spirko (1991), 59 Ohio St.3d 1, the Ohio Supreme Court referenced the procedure for admitting results of a polygraph into evidence established by the Court in State v. Souel (1978),53 Ohio St.2d 123, but then went on to hold that the standards were inapplicable to the case before the Court because no results of any polygraph examination of defendant were proffered or admitted during trial * * *. Spirko at 6. Similarly, in the present case there was never any evidence of any results of a polygraph by any witness put into evidence or attempted to be put into evidence. It was not even clear from the testimony at issue whether a polygraph examination was in fact ever administered to Whitfield. Furthermore, the appellant failed to request that the trial court give a curative jury instruction on this issue. In such a situation, the appellant cannot invite error only to later complain of its prejudicial effect on appeal. Spirko at 8; State v.Woodruff (1983), 10 Ohio App.3d 326.
There is not the slightest indication that the jury considered Whitfield's testimony as to what she was told by a state trooper in reaching a verdict, or that the appellant would have been found innocent if this rather innocuous statement had never been made at trial. Therefore, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE
 ROCCO, P.J., and PORTER, J., CONCUR.
[1] Appellee, State of Ohio, mistakenly cites to this court R.C.2913.02 (Theft) as the statute under which the appellant was charged.
[2] At the time in which the incidents underlying the indictment occurred, the appellant had the supervisory rank of Captain within the Department of Corrections. Captains were commonly referred to as white shirts by the inmates.
[3] R.C. 2907.03, Sexual Battery provides in relevant part:
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
* * *
 (6) The other person is in the custody of the law * * * and the offender has supervisory or disciplinary authority over the other person. * * *