OPINION
Plaintiff, Richard D. Banning, appeals from an order of the domestic relations court that awarded $18,799.70 in attorney fees to Defendant, Elaine Banning., Defendant's request for fees was an issue which this court had remanded to the trial court for further proceedings pursuant to App.R. 27 in a prior appeal. Banning v. Banning (March 19, 1999), GreeneApp. Nos. 98CA67, 98CA99, unreported. ("Banning II"). That appealfollowed an earlier appeal involving the same issue. Banning v.Banning (June 28, 1996), Greene App. No. 95CA79, unreported. ("BanningI").
 In Banning I, we held that the trial court abused its discretion in notawarding attorney fees to Mrs. Banning, and we remanded the matter to thetrial court "for it to determine a reasonable amount to award her." Id.at p. 24. The court then failed to award fees. In Banning II, we foundthat Mrs. Banning was entitled to fees pursuant to R.C. 3105.18(H), andwe "remanded for an award of reasonable attorney fees to Mrs. Banning forrepresentation in all domestic relations proceedings involving theparties through the date of the award made pursuant to this furtherremand." Id., a p. 2.
 A hearing was held on January 27, 2000, following our remand in BanningII. Mrs. Banning did not appear, but was represented by counsel, whomerely proffered documents purporting to recite her charges to Mrs.Banning for representation. Mr. Banning objected that the documents werenot authenticated. The court overruled the objection and admitted thedocuments. An expert witness then testified that the services andamounts involved were reasonable. The court's order of March 7, 2000,from which this appeal was taken, adopts the court's own calculation ofthe charges it would allow.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ADMITTING APPELLEE'S EXHIBIT 1 ON THE BASIS THAT SAID EXHIBIT WAS HEARSAY AND NOT SUBJECT TO ANY HEARSAY EXCEPTIONS.
 It is fundamental that every writing or recording offered for admissioninto evidence must be authenticated for what it is or purports to be, andthat authentication is a condition precedent to its admissibility.Evid.R. 901. The most common method of authentication is through thetestimony of a sworn witness with personal knowledge that the writing orrecording is what it is claimed to be. Absent such foundationalevidence, the writing or recording lacks "connective relevance" to theissue to be determined. Weissenberger's Ohio Evidence, Treatise, Section901.1, et seq.
The documents purporting to recite the fees charged Mrs. Banning by her attorney were not authenticated by any foundational evidence which established what they were or that the fees reflected actually were charged. Therefore, per Evid.R. 901, the documents were inadmissible. The trial court erred when it admitted the documents over Mr. Banning's objection, and when it subsequently relied on that evidence to order Mr. Banning to pay some of the fees or charges portrayed in those documents.
Had the trial court not admitted the fee documents that Mrs. Banning proffered, and absent any other evidence, Mrs. Banning would have failed to sustain the burden of proof that her motion for fees imposed. The court would have then been required to deny her motion. A further issue is presented, therefore; whether our finding that the trial court erred when it admitted the evidence Mrs. Banning offered requires us to enter the order the trial court should have entered had Mrs. Banning offered no other evidence.
We cannot know from the record before us whether Mrs. Banning, or more properly her attorney, would have offered proper foundational evidence in support of the documents she offered had the trial court sustained Mr. Banning's objection. Mrs. Banning could, in that event, have sought a continuance to obtain the necessary foundational evidence. The trial court's ruling relieved her of that need.
"[T]he rule of `invited error,' a corollary of the principle of equitable estoppel, prohibits a party who induces error in the trial court from taking advantage of such error on appeal." State v. Woodruff(1983), 10 Ohio App.3d 326, at 326. That includes any errors committedby the party himself. Center Ridge Ganley, Inc. v. Stinn (1987),31 Ohio St.3d 310. The error in admitting the evidence that Mrs. Banningoffered without the necessary foundational proof is chargeable to her.However, she does not attack that error, on appeal or urge us to reversethe judgment of the trial court because of it. Therefore, the bar whichthe invited error rule creates does not apply.
 On the foregoing analysis, we conclude that the trial court's errorrequires us to reverse the order that it entered, as Mr. Banning hasrequested, and to remand for (still) further proceedings on Mrs.Banning's motion for fees.
 Mr. Banning's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING THE APPELLEE 100% OF HER ATTORNEY FEES WITHOUT TAKING INTO CONSIDERATION THE APPELLANT'S ABILITY TO PAY SAID AWARD OF ATTORNEY FEES.
 The court may award attorney fees to one party pursuant to R.C.3105.18(H) "if it determines that the other party has the ability to paythe attorney fees that the court awards." Id. That determination isessential if the award, which is a form of spousal support, is to conformto the paramount requirement of reasonableness that applies to allspousal support awards.
 Mr. Banning testified that his income was less than it was at the timeof the divorce, and that Mrs. Banning now earned more that he does. Hestated that his net pay was $400 per week, and that he remains indebtedto his own attorney for $8,000. He claimed that he could only pay thesubstantial sum that Mrs. Banning asked by selling off assets awarded tohim as his share of marital property, and he argued that he should not berequired to do that as Mrs. Banning was awarded assets from the maritalproperty of equivalent value.
 The trial court did not address these claims when it ordered Mr.Banning to pay $18,799.70 to Mrs. Banning for her attorney fees. Wemight find that the court implicitly rejected these claims uponconsideration, finding that Mr. Banning had the ability to pay the amountinvolved. However, and in view of the turbulent history of this matter,it is just as likely that the court viewed our mandate in Banning II torequire it to order Mr. Banning to pay whatever fees Mrs. Banningincurred, if the fees themselves were reasonable.
 The test that R.C. 3105.18(H) imposes concerning the non-movant's"ability to pay" relates to circumstances which exist when the order isentered. We cannot say that the court failed to take account of thosecircumstances when it ordered Mr. Banning to pay $18,799.70, but thecourt erred if it did. On remand, the court may wish to address theissue directly. However, because of our resolution of the firstassignment of error, which may result in an award of a different amount,this assignment of error is moot.
 Mr. Banning's second assignment of error is overruled as moot.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SUBTRACTING ONLY $5,642.80 FROM THE FEE BILL AS FINANCE CHARGES WHEN THE APPELLEE'S EXPERT TESTIFIED THAT ALMOST $7,700 WERE INCLUDED IN THE BILL AS FINANCE CHARGES.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING 100% OF THE APPELLEE'S ATTORNEY FEES WHEN SAID FEES WERE INCURRED FOR A NUMBER OF POST-DECREE PROCEEDINGS, MANY OF WHICH WERE NOT PART OF THE APPELLATE COURSE OF THE CASE.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT SUBTRACTING $5000 FROM THE APPELLEE'S ATTORNEY FEE BILL WHERE THE RECORD REFLECTS A $5000 PAYMENT WAS MADE TOWARDS THAT BILL AND THE ATTORNEY'S BILL FAILS TO REFLECT A $5000 CREDIT.
These assignments of error concern the particular charges from which the attorney fee award was calculated. Our resolution of the first assignment of error renders them moot, and they remain subject to correction by the trial court on remand if it concludes they have merit. Therefore, pursuant to App.R. 12(A)(1)(c), we decline to consider them.
 Conclusion
Having sustained the first assignment of error, we will reverse the judgment from which this appeal was taken and remand the cause to the trial court for further proceedings to determine: the fees charged Mrs. Banning by her attorney for representation in all domestic relations proceedings through the date of the hearing, (2) less any set-offs for amounts improperly charged or which Mr. Banning previously paid, (3) and, with respect to the amounts remaining, (a) whether the charges involved were reasonable and (b) whether Mr. Banning has the ability to pay Mrs. Banning any or all of the net amount. The court may then enter an award, accordingly, on Mrs. Banning's request for fees.
WOLFF, P.J. and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
 ______________ Grady, J.,