OPINION
{¶ 1} Defendant-appellant, Essam A. Mikhail, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a guilty plea, of the stipulated lesser included offenses of (1) being an unlicensed investment advisor in violation of R.C. 1707.44 then in effect, a felony of the third degree, and (2) mishandling funds as an investment advisor in violation of R.C. 1707.44
then in effect, a felony of the fourth degree. Because defendant's challenges to the trial court's sentence present no reversible error, we affirm.
 {¶ 2} By indictment filed on May 25, 2001, defendant was charged with one count each of being an unlicensed investment advisor, engaging in fraud as an investment advisor, and mishandling funds as an investment advisor, all felonies of the second degree. He further was charged with one count each of theft, forgery, and intimidation of a crime victim or witness.
 {¶ 3} After several continuances, the matter was set for trial on February 11, 2002. At that time, defendant entered a guilty plea to the stipulated lesser included offense of being an unlicensed investment advisor, a felony of the third degree, and mishandling funds as an investment advisor, a felony of the fourth degree. In exchange for defendant's guilty plea, the prosecution requested a nolle prosequi of the remaining counts. At the time of the plea, the prosecution noted that defendant agreed to pay restitution in the amount of $29,123. The trial court set sentencing for April 15, 2002.
 {¶ 4} Between defendant's guilty plea and the sentencing hearing, defendant filed a sentencing memorandum urging the court to place defendant under community control sanctions, noting that at "the time the guilty plea was entered there was an agreement between the State and the Defendant that Defendant would pay restitution of $29,123.00 as part of the sentence in this case." (Sentencing Memorandum of Defendant Essam Mikhail, 1.)
 {¶ 5} On April 15, 2002, the trial court conducted a sentencing hearing, and by judgment entry filed on April 18, 2002, sentenced defendant to four years on the charge of being an unlicensed investment advisor, and 12 months on the charge of mishandling funds, both sentences to run concurrently. The court further ordered restitution in the amount of $29,123, plus $662.50 the victim incurred for counseling. Defendant appeals, assigning the following errors:
 {¶ 6} "I. The trial court erred to the substantial prejudice of the defendant by finding that his offense behavior constituted `the worst form of this offense' and announcing a maximum sentence of imprisonment for a first offense felony of the third degree (unlicensed investment advisor, R.C. § 1707.44(A)(2)) where the offense behavior does not support the conclusion that the defendant committed the worst form of the offense.
 {¶ 7} "II. The trial court erred to the substantial prejudice of the defendant by asking the prosecuting witness what sentence he would like to see imposed and then changing the sentence she had already announced in open court to conform with the desires of the prosecuting witnesses."
 {¶ 8} Defendant's first assignment of error contends the trial court erred in characterizing defendant's unlicensed investment advisor offense as "the worst form of the offense" and in imposing a maximum sentence for a first offense felony of the third degree.
 {¶ 9} The trial court originally announced its intention to impose a maximum five-year sentence on defendant's plea to being an unlicensed investment advisor, and at that time announced that defendant's offense was "the worst form of the offense." However, at the request of defense counsel and with the concurrence of the victim, the trial court reduced the sentence to four years to allow for judicial release and to facilitate restitution. Similarly, the trial court did not sentence defendant to the maximum incarceration on the fourth degree felony of mishandling funds as an investment advisor. Moreover, because the trial court did not impose maximum sentences on either offense, the trial court was not required to find the defendant's violation was "the worst form of the offense," and the record need not support such a finding. See, e.g., R.C. 2929.14(C). Thus, even though defendant's allegation of error falls into a category of sentences that is appealable due to the imposition of maximum sentences without the requisite statutory findings, defendant advances no error consistent with the trial court's sentence. Defendant's first assignment of error is overruled.
 {¶ 10} Defendant's second assignment of error contends the trial court erred in asking the victim what sentence he would like to see imposed on defendant, and then changing the already announced sentence to conform to the victim's wishes.
 {¶ 11} At the sentencing hearing, the trial court allowed the prosecution, the victim, defendant and defense counsel to speak to the court prior to sentencing. The victim took the opportunity to describe in detail the financial and emotional trauma he had suffered as a result of giving approximately $38,000 of the $50,000 he inherited from his grandmother to defendant to invest in the stock market, only to have defendant, not licensed as an investment advisor, put the money into his own account and ultimately lose much of it in the stock market. The victim requested that the court "send Essam Mikhail to jail for five years, for at least five years, with no possibility of parole. I do, however, ask that the Court give him one and one half years on the shelf when he gets out so he will be compelled to pay me restitution for over five years as discussed in his plea bargain." (Tr. 30.)
 {¶ 12} When defense counsel was given the opportunity to respond, counsel disagreed with some of the factual underpinnings of the victim's argument, but stated that $29,123 was "an agreed restitution amount at the time of sentencing, and we still believe that to be correct. * * * We still agree with the $29,123, and I believe restitution is appropriate in this case." (Tr. 36.)
 {¶ 13} In imposing sentence, the court noted the purposes of the sentencing statute, considered whether the offense was more or less serious, and whether recidivism was more or less likely. Observing that defendant seemed to be "fairly selfish" and lacked "genuine remorse," the court concluded that defendant had committed the worst form of the offense and that a minimum one-year sentence demeaned the seriousness of the offense. (Tr. 40-41.) Accordingly, the court determined it would impose the maximum term of five years. After the court noted no jail time credit was at issue, defense counsel asked to approach the bench. Immediately thereafter, the court added it would "order $29,123 restitution. The Court will also order the $662.50 incurred for counseling on this case." (Tr. 41.) After explaining restitution to the victim, the trial court looked to defense counsel who concurred in the court's explanation. At that point, counsel for the parties met at a sidebar conference off the record.
 {¶ 14} When they were back on the record, defense counsel noted that the court had asked him to put on the record what occurred in the sidebar conversation. Defense counsel explained that he had requested a reconsideration of the sentence and had asked the court to "consider imposing less than five years, even if it's four years, on the F-3 concurrent with the sentence on the F-4 for a couple of reasons." (Tr. 43.) As defense counsel explained, a four-year sentence would permit an earlier judicial release, which in turn would facilitate defendant's ability to make restitution to the victim.
 {¶ 15} The trial court then explained defendant's position to the victim, and, after the court answered some questions for him, the victim stated that if "he can get three-and-a-half years, and then when he gets out, have a year-and-a-half on the shelf to compel him to pay me back — if he doesn't have time on the shelf, he will not pay me. It's as simple as that. If he can get three-and-a-half years in jail, and when he gets out, have a year-and-a-half on the shelf, I would agree to that." (Tr. 45.)
 {¶ 16} At that point, the trial court determined it would modify the originally imposed sentence, and instead impose a sentence of four years on the third degree felony. The trial court also advised defendant of the possibility of post-release control for up to five years.
 {¶ 17} To the extent defendant's assignment of error contends the trial court erred in requiring restitution of the victim's money that defendant lost as a result of the crimes for which he was convicted, defendant's contentions are unpersuasive. The transcript makes clear that a part of the plea bargain was defendant's agreement with the prosecution to make restitution in the amount of $29,123. Thereafter, defendant filed a sentencing memorandum reiterating the agreement. Moreover, at sentencing when the trial court failed to impose a requirement for restitution, defense counsel apparently advised the court of the omission in an off-the-record comment, as the court on returning to the record noted the additional provision of the sentence: restitution in the amount of $29,123, as well as $662.50 in counseling fees. Having agreed to the restitution, including the amount, and having further reminded the court to impose the term as part of defendant's sentence, defendant cannot complain on appeal that the trial court erred in ordering him to make restitution. See, e.g., State ex rel. Soukup v. Celebrezze (1998),83 Ohio St.3d 549; State v. Woodruff (1983), 10 Ohio App.3d 326.
 {¶ 18} Moreover, to the extent defendant contends the trial court relied on the victim in imposing a sentence of four years rather than five, the record again reveals the modification was at defendant's request. Defendant asked the trial court to reconsider the maximum sentence and consider instead a sentence of four years that would allow an earlier possibility of judicial release and facilitate defendant's complying with the restitution order. Only then did the trial court speak to the victim, explain the request, and inquire of the victim. The victim concurred in the requested modification.
 {¶ 19} We do not suggest the trial court may abdicate to the victim or to the parties the court's responsibility for sentencing. Here, however, the trial court, on defendant's request, reconsidered the maximum sentence, and, on the concurrence of the victim, granted defendant's request. Defendant cannot on appeal contend the trial court erred in granting defendant's request to modify the maximum sentence to the one actually imposed and journalized. State v. Woodruff, supra. Accordingly, defendant's second assignment of error is overruled.
 {¶ 20} Having overruled defendant's first and second assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
KLATT and DESHLER, JJ., concur.