{¶ 96} For the reasons that follow, I respectfully dissent from that portion of the majority opinion concerning its treatment of appellant's fifth assignment of error. As to the rest of the opinion and the reversal on the sentencing issue, I concur.
 {¶ 97} I agree with the majority's conclusion that the original stipulation of the "no contest" plea did not suffice to elevate the first-degree misdemeanor to a fifth-degree felony. Nevertheless, there were several subsequent references at trial to result in its reformation to a stipulation that was sufficient to elevate the charge. In other words, without objection or correction by defense counsel, the numerous references by the trial court to an adequate stipulation constituted invited error.
 {¶ 98} However, I disagree with the majority's reversal based on an "erroneous evidential ruling" by the trial court and the conclusion that double jeopardy does not apply.
 {¶ 99} The issue of importance in this assignment of error focuses on what impact the original stipulation had on the ultimate conviction for the fifth-degree felony. The record clearly shows, as outlined by the majority opinion, that from the very beginning, the trial court and the prosecution equated the no contest stipulation with a stipulation acknowledging the existence of the prior conviction.
 {¶ 100} Time after time, defense counsel failed to correct the trial court's reference to this stipulation. Further, there was no motion of acquittal based on the absence of a proper stipulation. Even when the trial court reviewed the jury instructions that addressed the significance of the stipulation, there was no objection or correction by defense counsel.
 {¶ 101} In analyzing the significance of "invited error," it becomes apparent that the courts are not fond of that basis for appeal, even in criminal trials. A failure to object is a waiver of grounds for an appeal unless there is plain error. Of the criminal cases I have located, an affirmance resulted despite the presence of invited error. In none of those cases was there a finding of plain error or even a plain error analysis. State v. Bey (1999), 85 Ohio St.3d 487; State v. Seiber
(1990), 56 Ohio St.3d 4; Patterson v. State (1917), 96 Ohio St. 90; Statev. Kohler (1915), 93 Ohio St. 89; State v. Woodruff (1983),10 Ohio App.3d 326. But, see, State v. Wooten (June 29, 1989), 4th Dist. No. 1359, 1989 WL 74880, at 24 (holding that despite the assertion of plain error, the concept of invited error prevailed).
 {¶ 102} Further, in the instant matter, the actions of defense counsel can be viewed as transforming the no contest stipulation into a stipulation that acknowledged the existence of a prior conviction. The record discloses the following: (1) the actual document of conviction was in the hands of the prosecutor during the discussions; (2) defense counsel clearly admitted the significance of that document and that the intent of the stipulation was to satisfy the elevating circumstance element; (3) there is no argument on appeal that such a conviction did not exist; and (4) for the remainder of appellant's trial, defense counsel behaved as though the stipulation was conclusive on that issue. Defense counsel even objected on numerous occasions when various witnesses began to allude to the prior incident of domestic violence and the violation of the protective order. Again, he maintained silence when the court upheld his objections on the basis of the stipulation.
 {¶ 103} Thus, it is not unfair to say that, by the time the case went to the jury, there was in effect a stipulation as to the existence of a prior conviction. It may not have started out that way, but that is certainly how it ended up, due solely to the actions of defense counsel.
 {¶ 104} The desire of the majority to split the baby on this issue instead of either affirming or reversing is understandable. However, concern about the impact of double jeopardy has resulted in an opinion that diminishes the concept of double jeopardy. Insufficiency of evidence is insufficiency of evidence! And, saying there is no double jeopardy does not necessarily mean there is no double jeopardy upon remand.
 {¶ 105} I, therefore, would affirm appellant's fifth assignment of error and respectfully dissent from that portion of the majority's opinion and judgment.