OPINION
{¶ 1} This is an appeal from a money judgment for $2,475 granted in a small claims action on a breach of contract claim.
 {¶ 2} Appellant, Don Mitchell Realty, Inc., is engaged as an agent in the sale and/or rental of real property. The corporation is owned and operated by Jackie Cole, a real *Page 2 
estate broker.
 {¶ 3} On July 31, 2006, Cole and Don Mitchell Realty, Inc. entered into a standard brokerage agreement with Appellee, Sherlyn Robinson, to procure a purchaser for residential real property owned by Robinson and located at 6940 Shull Road in Huber Heights.
 {¶ 4} Subsequently, on August 31, 2006, Cole and Robinson entered an agreement wherein Don Mitchell Realty, Inc. would act as Robinson's rental agent for the Shull Road property. Several days before that, Cole had procured a prospective tenant for the property, Robin Perry.
 {¶ 5} On September 1, 2006, Perry signed a written lease agreement with Don Mitchell Realty, Inc., to lease the Shull Road property for a term of one year at a monthly rent of $1,150. Cole collected that sum from Perry and remitted it to Robinson. Cole also collected a security deposit of $1,000, which she deposited in an escrow account maintained by Don Mitchell Realty, Inc.
 {¶ 6} Several days after she signed the lease agreement, Perry had a "walk through" of the property with Robinson. Perry pointed out defects in need of repair, and Robinson agreed to perform the repairs.
 {¶ 7} Perry appeared at the Shull Road property on *Page 3 
September 5, 2006, with her furniture and belongings, in order to move in. However, she found that Robinson had not completed the promised repairs. That was a particular problem because Perry had left her former residence because of foreclosure difficulties, and had nowhere else to go.
 {¶ 8} Cole arrived at the property and concluded that Robinson's failure to make the promised repairs was a material breach of the lease agreement she had negotiated with Perry on Robinson's behalf. Cole therefore informed Perry that she was released from the lease agreement. Cole thereafter returned the $1,000 security deposit she was holding to Perry. Cole also urged Robinson to return the $1,150 first month's rent Perry had paid.
 {¶ 9} Robinson failed to return the first month's rent to Perry. Cole then commenced a small claims action against Robinson, complaining of Robinson's failure to remit the rent payment to Perry.
 {¶ 10} A second small claims action was thereafter filed by Robin Perry against Don Mitchell Realty, Inc., seeking return of the $1,000 security deposit Perry had paid.
 {¶ 11} A third small claims action was filed by Robinson against Don Mitchell Realty, Inc., on a claim for breach of contract. Robinson sought damages in the amount of $3,500. *Page 4 
 {¶ 12} The three actions were consolidated for trial. On January 3, 2007, the court heard testimony from Jackie Cole, Sherlyn Robinson, and Robin Perry. On January 11, 2007, the court granted a judgment against Don Mitchell Realty, Inc. for $2,475 on Robinson's breach of contract claim. The court also granted a judgment against Robinson in the amount of $1,150 on Perry's claim for return of her first month's rent.
 {¶ 13} Don Mitchell Realty, Inc., filed a Civ.R. 59 motion for new trial on January 22, 2007. The motion tolls the time for filing a notice of appeal. App.R. 4(B)(1). Nevertheless, and absent a ruling by the trial court on its motion for new trial, on February 12, 2007, Don Mitchell Realty, Inc. filed a notice of appeal from the judgment of $2,475 granted against it and in favor of Robinson.
 {¶ 14} The appeal is now before us for review on three assignments of error presented by Appellant Don Mitchell Realty, Inc. Robinson has not filed a brief in response.
FIRST ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT PERMITTED APPELLANT, THROUGH AN INDIVIDUAL REPRESENTATIVE, TO PROCEED FORWARD IN A SMALL CLAIMS HEARING WITHOUT COUNSEL EVEN THOUGH SUCH IS A VIOLATION OF THE OHIO REVISED CODE § 1925.17." *Page 5 
 {¶ 16} R.C. 1925.17 applies to actions in the small claims division of municipal courts, and provides:
 {¶ 17} "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."
 {¶ 18} Don Mitchell Realty, Inc. argues that the small claims court erred when it permitted Cole to appear on behalf of Don Mitchell, Inc., and advocate on its behalf, as well as to cross-examine witnesses.
 {¶ 19} We have reviewed the record and do not find that Cole cross-examined any witnesses. Cole did offer evidence and respond to the court's questions, and to that extent violated the prohibitions of R.C.1925.17. Such conduct may constitute the unauthorized practice of law.Cleveland Bar Association v. Pearlman, 106 Ohio St.3d 133,2005-Ohio-4106. *Page 6 
 {¶ 20} However, any error the court committed was invited by Appellant when Cole appeared on its behalf. A party cannot complain on appeal of any action taken by the trial court in accordance with that party's own suggestion or request. State v. Woodruff (1983), 10 Ohio App.3d 326.
 {¶ 21} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 22} "THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE DAMAGES WERE AWARDED IMPROPERLY AND IN EXCESS OF WHAT THE LAW ALLOWS, AND THE EVIDENCE WAS CONTRARY TO THE FINDINGS OF THE COURT."
 {¶ 23} The small claims court appears to have found that Don Mitchell Realty, Inc. breached its agency agreement with Robinson when it released Perry from the lease agreement, and on that basis awarded judgment for Robinson in the amount of $2,475. Robinson testified that following Perry's release from the lease agreement on September 5, 2007, Robinson did not lease the property to another tenant until December 1, 2007.
 {¶ 24} No evidence was offered concerning the reasonable value of any rental income Robinson may have lost as a result of the breach the trial court found. Absent any evidence of the value of Robinson's loss, the court erred in awarding *Page 7 
money damages on Robinson's breach of contract claim against Don Mitchell Realty, Inc.
 {¶ 25} The second assignment of error is sustained.
THIRD ASSIGNMENT OF ERROR
 {¶ 26} "THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE IT APPLIED THE RULES OF EVIDENCE IN A SMALL CLAIMS CASE, AND DID NOT ALLOW APPELLANT TO SUBMIT CERTAIN EXHIBITS WHICH IS CONTRARY TO THE LAW AND WAS HIGHLY PREJUDICIAL TO APPELLANT'S CLAIM."
 {¶ 27} When Robinson asked to call a witness whose testimony would rebut Cole and Perry's testimony concerning the condition of Robinson's property, the small claims court excluded the evidence as repetitive of what it had already heard. Cole then asked the court whether "there (is) anything I could say to rebut what she (Robinson) stated?" (T. 26). The court replied: "No, we're done." Id.
 {¶ 28} Don Mitchell Realty, Inc. argues that the small claims court erred when it applied the Rules of Evidence to exclude evidence Cole attempted to present in the foregoing colloquy, because the Rules of Evidence do not apply in small claims division proceedings. Evid.R. 101(C)(8).
 {¶ 29} We agree that the Rules of Evidence do not apply, but the record fails to demonstrate that the court applied *Page 8 
them. Instead, the court excluded evidence Cole offered to rebut a contention on which Robinson had not been permitted to introduce evidence. No prejudice to Appellant could result.
 {¶ 30} The third assignment of error is overruled.
 Conclusion {¶ 31} The judgment against Don Mitchell Realty, Inc and in favor of Sherlyn Robinson in the amount of $2,475 will be reversed and vacated. As thus modified, the judgment from which the appeal was taken will be affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1