JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Donald McMahan ("McMahan") appeals from the decision of the Cuyahoga County Court of Common Pleas to deny his motion for new trial. For the reasons adduced below, we affirm.
 {¶ 2} On May 17, 2002, McMahan was convicted of receiving stolen property, fraudulent actions concerning a vehicle identification number, and possession of criminal tools. This court affirmed the convictions in State v. McMahan, Cuyahoga App. No. 81458, 2003-Ohio-1346.
 {¶ 3} On March 26, 2003, McMahan filed a motion for new trial pursuant to Rule 33 of the Ohio Rules of Criminal Procedure based on newly discovered evidence. The trial court denied the motion without a hearing.
 {¶ 4} McMahan has appealed the trial court's decision raising one assignment of error for our review, which provides:
 {¶ 5} "The trial court's denial of appellant's motion for new trial based upon newly discovered evidence unavailable as a result of trial counsel's ineffectiveness denied appellant his rights to due process and a fair trial."
 {¶ 6} The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed. Statev. Hawkins (1993), 66 Ohio St.3d 339, 350, citing State v.Petro (1947), 148 Ohio St. 505, syllabus. Likewise, the trial court's decision on whether the motion for a new trial warrants a hearing will not be disturbed on appeal absent a clear showing that the court abused its discretion. Toledo v. Stuart (1983),11 Ohio App.3d 292, 293.
 {¶ 7} Crim.R. 33 sets forth grounds upon which a new trial may be granted. One of the grounds is "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). A motion based upon newly discovered evidence must be filed within 120 days after the verdict. Crim.R. 33(B).
 {¶ 8} If a defendant files a motion for a new trial after expiration of the time period specified in Crim.R. 33(B), the defendant must first seek leave of the trial court to file a delayed motion. State v. Mathis (1999), 134 Ohio App.3d 77, 79. To obtain leave, the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within the time period provided by Crim.R. 33(B). Id. A party is "unavoidably prevented" from filing a motion for a new trial if he has no knowledge of the existence of the evidence or grounds supporting the motion for a new trial, and could not have learned of the matters concerned within the time provided by Crim.R. 33(B), in the exercise of reasonable diligence. Id. Once leave of court to file the delayed motion is obtained, the motion itself must be filed within seven days of the court order granting leave. Id. Further, the motion must be supported by an affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33(C).
 {¶ 9} McMahan's motion was filed 313 days after the jury verdict, which was outside the 120-day provision of Crim.R. 33(B). McMahan did not seek leave of court to file the motion. Further, the motion contained no affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33(C). Last, two items of documentation relied upon by McMahon in this appeal were not attached to the motion for a new trial.[1]
 {¶ 10} In his motion for new trial, McMahan's new counsel claimed he had just been made aware of statements taken by an investigator of a critical state witness, Steve Yendriga, and that McMahan's trial counsel did not use the statements as evidence to attack Yendriga's credibility and to establish reasonable doubt. The motion made a conclusory assertion that McMahan was "unavoidably prevented from discovering this new evidence within one hundred and twenty days of the verdict as a result of the ineffectiveness of his trial counsel in the instant case." A copy of Yendriga's statements was attached to the motion and was dated December 26, 2001.
 {¶ 11} McMahan's motion was based, in part, on Yendriga's statement that was taken prior to the trial in this matter. However, there was no showing that this evidence was not available, or could not have been discovered with reasonable diligence, at the time of trial. Yendriga's conflicting statement was apparently in the file of McMahan's original trial attorney. The fact that McMahan since retained new counsel who allegedly had just been made aware of the statement does not, by itself, establish the evidence as being newly discovered.
 {¶ 12} The additional pieces of evidence attached to the appellate brief are a Cleveland Police Department" vehicle impound unit tow record" form and a statement from a witness taken after the motion for a new trial was filed. The "tow" form contains a handwritten note, apparently from the lead detective, stating that even with a court order, McMahan's personal vehicle taken in the investigation should not be released to McMahan until OK'd by the lead investigator. McMahan asserts this note demonstrates that the lead police investigator on the case had a bias against him. Whether this note constitutes sufficient evidence to warrant a new trial is not before this court. Had this been included in the motion for a new trial, the trial court could have considered the effect, if any, on the original proceedings.
 {¶ 13} The statement of defense witness Oscar Plescos was obtained on April 17, 2003, twenty-two days after the filing of the motion for a new trial. This statement implies that the state's star witness, Steve Yendriga, was the person who possessed the stolen trailer rather than McMahan. Since this statement was not available and was not attached to the motion for a new trial, it, unfortunately, cannot be considered by this court.
 {¶ 14} Additionally, as we have already noted, McMahan's motion for new trial was filed outside the time limitations of Crim.R. 33(B) and without leave of court. The conclusory allegation in the motion that "[defendant] was unavoidably prevented from discovering this new evidence" is insufficient to demonstrate clearly and convincingly that McMahan was unavoidably prevented from the discovery of the evidence within the time provided by Crim.R. 33(B). See State v. Cunningham, Franklin App. No. 02AP-332, 2002-Ohio-6841. Without the additional documents in the record and an accompanying affidavit establishing McMahan was unavoidably prevented from discovering the evidence, this court is powerless to consider these disturbing revelations raised by McMahan.
 {¶ 15} McMahan's argument also refers to "ineffective trial counsel" that never used or sought out the "newly discovered evidence." Ineffective assistance of trial counsel may be raised as a ground for a new trial under Crim.R. 33(A)(1) "[i]rregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial." However, a motion for new trial on the grounds of ineffective assistance of counsel must be filed within fourteen days after the verdict, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for new trial. Crim.R. 33(B); Cunningham, supra. For the reasons already discussed, McMahan did not present the requisite clear and convincing proof.[2]
 {¶ 16} Because the Yendriga statement was taken before trial and was in the possession of trial counsel, and because the "vehicle impound unit tow record" and the Plescos statement are not part of the record in this case, we cannot find that the trial court abused its discretion in denying McMahan's motion for new trial. McMahan's first assignment of error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., and Diane Karpinski, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] These two additional pieces of evidence, unfortunately, are not part of the record before us. This court is precluded from considering evidence that is not properly before us.
[2] We note McMahan did not raise the issue of ineffective assistance of counsel on direct appeal. The direct appeal contained only one assignment of error asserting a manifest weight of the evidence argument. Also, McMahan has not filed a motion for postconviction relief on the issue of ineffective assistance of counsel under R.C. 2953.23.