JOURNAL ENTRY AND OPINION
{¶ 1} In his third appeal to this court, defendant, Donald McMahan, appeals the trial court's denial of his motion for a new trial. On May 17, 2002, defendant was convicted in a jury trial for receiving stolen property, fraudulent actions concerning a vehicle identification number, and possession of criminal tools. He was convicted of having a stolen truck trailer on the grounds of his mechanical business. In his business, he rented portions of this property to others and he claimed that a tenant named Oscar was in possession of the trailer in question. Oscar could not be located prior to trial, and the state's primary witness, defendant's employee, testified that the trailer had been in defendant's possession and that defendant had instructed him to repair the floor of the trailer. When the police arrived at the workplace to confiscate the trailer, it had been moved to another location. This court affirmed that conviction in State v.McMahan, Cuyahoga App. No. 81458, 2003-Ohio-1346.
 {¶ 2} Defendant filed his first motion for a new trial on March 26, 2003. After the trial court denied that motion for failure to comply with the criminal rules, defendant appealed to this court in State v. McMahan, Cuyahoga App. No. 82753, 2004-Ohio-229. This court affirmed the trial court's decision inMcMahan II.
 {¶ 3} Defendant filed a motion for leave to file a motion for new trial on February 13, 2004, and the trial court denied that motion. It is from this denial of his motion for leave to file a motion for a new trial that defendant currently appeals, stating one assignment of error:
 {¶ 4} "I. The trial court abused its discretion by failing to grant leave for the filing of a motion for a new trial.
 {¶ 5} First, we note that we do not have the transcript of the original trial before us. It is impossible, therefore, for us to determine whether any error was made in the course of the trial which would merit the granting of a new trial. "[A]n appellant has the duty to provide a transcript for appellate review. Without a transcript of the proceedings about which an appellant complains, this court must presume the validity of the proceedings below and affirm." State v. Zahoransky, Cuyahoga App. No. 80575, 2003-Ohio-148 ¶ 16.
 {¶ 6} Nonetheless, on its face, defendant's motion lacks merit. Defendant argues that his convictions were based on the testimony of three witnesses: his employee, the detective on the case, and the investigator for the National Insurance Crime Bureau. He claims that the allegedly newly discovered evidence would prove that these witnesses' testimony was false.
 {¶ 7} Absent an abuse of discretion, an appellate court will not disturb the decision of the trial court in granting or denying a new trial. State v. McMahan, Cuyahoga App. No. 82753, 2004-Ohio-229 ¶ 6, citing State v. Hawkins (1993),66 Ohio St.3d 339, 350 and State v. Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 8} Crim.R. 33 governs the granting or denial of a motion for a new trial.[1] Only number six is applicable to the case at bar. The Ohio Supreme Court has delineated what must be shown under this section:
 {¶ 9} To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v. Lopa,96 Ohio St., 410, approved and followed.)
 {¶ 10} State v. Petro (1947), 148 Ohio St. 505, syllabus.[2]
 {¶ 11} The motion which is the subject of the case at bar is a motion
 {¶ 12} for leave of court. Defendant has, therefore, corrected one part of the problem from the earlier case.
 {¶ 13} Nonetheless, as the court pointed out in McMahanII,[3] Crim.R. 33(C) requires an affidavit demonstrating that grounds exist to support the motion. Id. For the documents he attaches (of which all but one were unauthenticated), defendant does not supply the required affidavit attesting to the fact that the evidence alleged to be contained in these documents was not discoverable prior to the date he filed his first motion for new trial. He has failed therefore to remedy one of the other defects this court cited when it affirmed the trial court's denial of the motion in McMahan II.
 {¶ 14} Even if defendant had attached the requisite affidavit, however, his arguments and accompanying affidavits do not support the granting of a new trial. First, defendant claims that the detective, one of the three witnesses in the case, had a personal animosity toward him. To support this allegation, defendant relies on the Cleveland Police Department Vehicle Impound Unit Tow Record, which had written on the bottom, "do not release until OK from Sowa [the complained of detective] or Fox. Even w/court order." Initially, we note the copy of the tow record attached to defendant's motion for leave is not authenticated in any way. Additionally, there is nothing before us to demonstrate that the vehicle referenced in this tow sheet has any connection to defendant. Finally, we have no way of knowing who wrote that order on the sheet, or even who had ordered it to be written. Nothing in the documents before us shows that either of the persons named in the order actually gave it.
 {¶ 15} Next, defendant argues that the affidavit from his private investigator describing an interview with Oscar, the person who defendant claimed actually had possession of the vehicle, shows that, first, Oscar did exist, and second, that his worker, the state's prime witness, had lied when he testified that defendant had been in possession of the stolen truck trailer. Oscar purportedly stated that the trailer was in the possession of the employee who was the state's prime witness.
 {¶ 16} The private investigator's affidavit is flawed because it relays a conversation he alleges he had with Oscar. Any statements attributed to Oscar in this affidavit are inadmissible hearsay. Further, defendant presents Oscar's statements solely to impeach the testimony of the state's prime witness. The Ohio Supreme Court has long held that "[t]he new testimony proffered must neither be impeaching nor cumulative in character." Petro
at 508, quoting State v. Lopa (1917), 96 Ohio St. 410, 411. Oscar's testimony, even if it were admitted, would be admitted solely to impeach the testimony of defendant's employee. It is, therefore, irrelevant for a motion to dismiss.
 {¶ 17} Finally, defendant argues that the detective and the Insurance Bureau investigator had to have been mistaken when they testified that they had seen defendant by the trailer on May 21st. He argued that the witnesses could not have seen him at the workplace on that day because he was at home that day planning his brother's funeral. He was unable to verify his brother's death at the time of trial and the prosecutor allegedly speculated that defendant had invented that story to impeach the state's witnesses. Defendant attaches unauthenticated documents: the death certificate and the bill from Craciun's Funeral Home. Nothing on the bill indicates, however, who made the arrangements. Although these documents would, if authenticated, go toward proving that defendant's brother did indeed die on the day in question, it is not impossible that defendant would have briefly made an appearance at the business he owned on the day after his brother's death. Further, these documents would be introduced to impeach the testimony of two witnesses, which, as noted above, is not an acceptable reason for granting a new trial.
 {¶ 18} Ignoring the absence of the transcript, which contains statements these new documents allegedly disprove, we find nothing in the documents defendant attached to his motion for leave to file that would justify a new trial, even if the documents were authenticated and taken at face value. Accordingly, the trial court did not err in denying the motion for leave to file a motion for new trial, and the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., Concurs.
 Corrigan, A.J., Concurs in judgment only.
[1] The various grounds allowed are as follows:
(A) Grounds. — A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
(3) Accident or surprise which ordinary prudence could not have guarded against; (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
(5) Error of law occurring at the trial;
(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
[2] The first case defendant's motion for a new trial was not filed within the time limitation contained in Crim.R. 33(B), which states in pertinent part:
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. (Emphasis added.)
In the first case, the motion for a new trial was filed 313 days after the verdict.
Further, the rule states that a motion for new trial may not be filed unless the court has made a finding that the moving party was unavoidably detained from discovering the new evidence. In his first attempt to move for a new trial, defendant also failed to request leave to file a motion for a new trial. It was partly because of this failure to file for leave that this court affirmed the trial court's denial of motion for new trial inMcMahan II.
[3] In McMahan II, the court also noted that in his first motion for new trial, defendant's "motion contained no affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33(C)." Id. 9. The court also held that some of the allegedly newly discovered evidence upon which defendant relied was not newly discovered because it was in his attorney's file at the time of trial.