JOURNAL ENTRY and OPINION
{¶ 1} The state of Ohio appeals the trial court's granting defendant Edward Bialec's motion for a new trial, based on the motion being untimely filed. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On March 2, 2005, after a bench trial, the court journalized an entry finding the defendant guilty of aggravated robbery in violation of R.C. 2911.01, with firearm specifications in violation of R.C. 2941.141 and 2941.145. On March 22, 2005, 20 days after the court's decision, the defendant filed a motion for a new trial pursuant to Crim.R. 33(A)(4). On May 18, 2005, the court held a hearing on the defendant's motion and found that his conviction was not supported by sufficient evidence, but he was guilty of the lesser included offense of theft in violation of R.C. 2913.02.
 II. {¶ 3} In its sole assignment of error, the state argues that "the trial court erred in granting defendant's motion for new trial which did not present new evidence and was filed outside the time requirements of Crim.R. 33."
 {¶ 4} The defendant filed a motion for a new trial based on Crim.R. 33(A)(4), which states as follows:
"A new trial may be granted on motion of the defendant for anyof the following causes affecting materially his substantialrights:
"* * *
"(4) That the verdict is not sustained by sufficient evidenceor is contrary to law. If the evidence shows the defendant is notguilty of the degree of crime for which he was convicted, butguilty of a lesser degree thereof, or of a lesser crime includedtherein, the court may modify the verdict or finding accordingly,without granting or ordering a new trial, and shall pass sentenceon such verdict or finding as modified."
 {¶ 5} Additionally, Crim.R. 33(B) governs the time frame for filing motions for a new trial, and the pertinent part reads:
"Application for a new trial shall be made by motion which,except for the cause of newly discovered evidence, shall be filedwithin fourteen days after the verdict was rendered, or thedecision of the court where a trial by jury has been waived,unless it is made to appear by clear and convincing proof thatthe defendant was unavoidably prevented from filing his motionfor a new trial, in which case the motion shall be filed withinseven days from the order of the court finding that the defendantwas unavoidably prevented from filing such motion within the timeprovided herein."
 {¶ 6} The decision to grant or deny a motion for a new trial is within the competence and discretion of the trial court. We will not reverse the court's decision regarding a motion for a new trial absent an abuse of that discretion. State v. Hill
(1992), 64 Ohio St.3d 313.
 {¶ 7} The state argues that the defendant filed his motion outside the 14-day mandatory time period; thus, the trial court lacked jurisdiction to grant the motion. The defendant, in turn, argues that the court found by clear and convincing evidence that he was unavoidably prevented from filing the motion within the 14 days because he was involved in potential presentence plea negotiations with the state and two co-defendants, and his counsel believed that filing the motion would prejudice the ongoing negotiations. The state alleges that the defendant's argument fails for two reasons. First, the "unavoidably prevented" language in Crim.R. 33 only applies to motions for a new trial based on newly discovered evidence. Second, the reason for the defendant's untimely filing, i.e., plea negotiations, cannot serve as a ground for failure to comply with the statutory time frame.
 {¶ 8} The state is incorrect in its assertion that only newly discovered evidence may unavoidably prevent a defendant from timely filing a motion for a new trial. The meaning of Crim.R. 33(B) is clear and unambiguous. Motions for a new trial based on insufficient evidence must be filed within 14 days, unless "the defendant was unavoidably prevented from filing his motion for a new trial." (Emphasis added.) See, also, State v. Daws,
Montgomery App. No. 18686, 2001-Ohio-1549. The state is also incorrect in its second assertion that to succeed in filing a late motion for a new trial, a defendant must allege newly discovered evidence. The state cites State v. McMahan, Cuyahoga App. No. 82753, 2004-Ohio-229, as support for its argument.McMahan involved a motion for a new trial based on Crim.R. 33(A)(6), which states that newly discovered evidence may be used as grounds for a new trial. In the case of newly discovered evidence, a "party is `unavoidably prevented' from filing a motion for a new trial if he has no knowledge of the existence of the evidence or grounds supporting the motion for a new trial, and could not have learned of the matters concerned within the time provided by Crim.R. 33(B)."
 {¶ 9} However, there are other permissible grounds for granting a new trial. The instant case is based on a motion for a new trial filed under Crim.R. 33(A)(4), which deals with insufficient evidence to support a conviction. Therefore,McMahan is not applicable to the case at hand and the state cites no other law to support its argument. Accordingly, we cannot say that the court abused its discretion by granting the defendant's motion, and the state's assignment of error is without merit.
Judgment affirmed.
McMonagle, J., CONCURS IN JUDGMENT ONLY;
 Corrigan, J., CONCURS IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION.