[Cite as *State v. Strebler*, 2011-Ohio-6375.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 67 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DANIEL STREBLER | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 06 CR 815

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:      Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellee:      Atty. Megan Graff
Comstock, Springer & Wilson Co.
100 Federal Plaza East
Suite 926
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 7, 2011

WAITE, P.J.

{1}     The state is appealing the judgment of the Mahoning County Court of Common Pleas granting judicial release to Appellee Daniel A. Strebler. Appellee was charged with three felony drug charges. Originally, he entered a guilty plea to one of the charges. An appeal of the original plea before us in 2009 was reversed because the trial court failed to properly explain Appellee's constitutional rights to him when he entered his guilty plea. On remand, Appellee entered into a new Crim.R. 11 plea agreement in which he pleaded guilty to two of the three drug charges in exchange for the state's recommendation of a five year prison term. He was sentenced to four years on each charge, to be served concurrently. The sentencing entry did not state that the prison terms were mandatory. After serving part of his prison term, Appellee filed various motions seeking judicial release. The court eventually granted Appellee's request, and the state now appeals on the grounds that the prison terms were mandatory and that judicial release cannot be granted where there are mandatory prison terms. Although there is some question in the record regarding what part of Appellant's sentence is mandatory, and thus not subject to judicial release, it is evident from this record that, to the extent there is error in the trial court's decision, it was induced by the prosecutor and constitutes invited error. Such errors cannot form the basis of an appeal. Therefore, the judgment of the trial court is affirmed.

History of the Case

{2}     On August 3, 2006, Appellee was indicted on three counts: possession of chemicals used to manufacture a controlled substance, R.C. 2925.041(A), (C);

illegal manufacture of methamphetamine, R.C. 2925.04(A), (C)(3)(b); and child endangering, R.C. 2919.22(B)(6). In June 2007, Appellee entered into a Crim.R. 11 plea agreement. He pleaded guilty to count two, illegal manufacture of methamphetamine, and counts one and three were dismissed. He also agreed to timely appear for all future proceedings. The trial court accepted the guilty plea and set a date for sentencing.

{3} Appellee did not appear for sentencing and was later arrested on a bench warrant. Sentencing occurred on April 30, 2008, and the court sentenced Appellee to eight years in prison. Appellee appealed the conviction and sentence. We determined that the trial court had not adequately informed Appellee of the constitutional rights he was waiving by entering a guilty plea and the plea was vacated. *State v. Strebler*, 7th Dist. No. 08 MA 108, 2009-Ohio-1200.

{4} On June 5, 2009, Appellee entered into a new Crim.R. 11 plea agreement. He pleaded guilty to counts one and two in the indictment. One of the charges to which Appellee pleaded guilty involved one count of illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A), (C)(1), and a third degree felony. Pursuant to statute, this plea resulted in an admission that the chemicals involved were used to manufacture methamphetamine, triggering a mandatory prison term of a minimum of two years for a first offense. He also pleaded guilty to one count of illegal manufacture of drugs, R.C. 2925.04(A), (C)(3)(a), a second degree felony. This plea resulted in an admission that the drug involved was methamphetamine, thereby requiring a

mandatory prison term of a minimum of three years for a first offense. The prosecutor agreed to recommend a prison term of five years, and to dismiss count three of the indictment.

{5} The court filed its sentencing judgment entry on July 27, 2009. The court did not adopt the state's recommendation. Instead, the court sentenced Appellee to four years in prison on each count, to be served concurrently. No mention was made that all or any part of the prison term was mandatory. Appellee was also given 495 days of jail-time credit, and three years of mandatory post-release control.

{6} Beginning on February 12, 2010, Appellee began filing a variety of letters, motions, petitions and memos with the court, asking for judicial release. The trial court denied the first motion, but eventually set a hearing to address the matter. On January 12, 2011, the state filed a memorandum specifically informing the court that it was not opposed to judicial release. A hearing was held on April 25, 2011. The state again acknowledged that it did not oppose judicial release, but did note on the record that there was a question of statutory interpretation that may have required the trial court to impose a mandatory prison term in 2009. (4/25/11 Tr., pp. 8-9.) The court discussed whether all of the original sentence should be treated as mandatory, or only the combined statutory minimum of three years, considering that the 2009 sentencing entry did not state that any part of the prison term was mandatory. The court specifically stated in open court that, if the prosecutor had mentioned at the 2009 resentencing hearing that there would be a problem in granting judicial release

in this case, "I would have sentenced the defendant, quite frankly, to a lesser term to avoid this dilemma." (4/25/11 Tr., p. 8.) The court concluded that it did have the authority to grant judicial release since Appellee had served the statutory minimum mandatory sentence. The court filed its judgment entry granting judicial release on April 26, 2011. The state requested a stay of the judgment, but the motion was denied. This prosecutor's appeal followed on May 4, 2011.

{7} The Ohio Supreme Court has held that the state may appeal the trial court's decision to grant a motion for judicial release for first and second degree felonies, but "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120, paragraph one of the syllabus. One of charges that Appellant pleaded guilty to was a second degree felony, and therefore, the state is permitted to file an appeal of the decision to grant judicial release for that crime.

<u>ASSIGNMENT OF ERROR</u>

{8} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDICIAL RELEASE, BECAUSE HE WAS NOT AN 'ELIGIBLE OFFENDER' PURSUANT TO R.C. §2929.20(A)(1) AFTER HE WAS CONVICTED AND SENTENCED TO A MANDATORY TERM OF INCARCERATION FOR VIOLATING R.C. §§2925.041(A)(C)(1) & 2925.04(A)(3)(a)."

{9} The issue in this appeal is whether the trial court properly granted judicial release to Appellee. After carefully examining the record in this case, it is

difficult to understand the state's position, here. The prosecutor previously let the trial court know in writing that it did not oppose judicial release in this case. The prosecutor filed a memorandum with the trial court putting the state on record that Appellee had served the mandatory three years of his prison sentence and that it had no objection to judicial release. (1/12/11 Memorandum.) Additionally, the prosecutor made no argument against judicial release at the April 25, 2011, hearing. The state merely raised at the judicial release hearing that there may be a question of statutory interpretation about whether the trial court should have previously imposed a mandatory prison term. The unstated implication was that this failure to impose a mandatory prison term created some confusion about whether judicial release was possible, now.

**{10}** Hence, if error occurred in this matter it appears to be caused by Appellant. The plea proceedings indicate that the minimum mandatory prison term in this case was three years, and that anything more than that would need to be specifically imposed by the trial court. The trial court failed to adopt the state's recommendation of a five year sentence. No questions were raised by the state regarding the imposition of two concurrent four-year prison terms without any corresponding order that all or part of those prison terms would be mandatory. Until the April 25, 2011, hearing, there seemed to be no question on the part of the state that judicial release could be granted after three years. The prosecutor, in writing, notified the court that it had no objections to judicial release. The record does not

contain even one specific objection to judicial release at the April 25, 2011, judicial release hearing.

{11}   "The doctrine of invited error estops an appellant, in either a civil or criminal case, from attacking a judgment for errors the appellant induced the court to commit.  Under that principle, a party cannot complain of any action taken or ruling made by the court in accordance with the party's own suggestion or request." *Royse v. Dayton*, 2d Dist. No. 24172, 2011–Ohio–3509, ¶11, citing *State v. Woodruff* (1983), 10 Ohio App.3d 326, 327, 462 N.E.2d 457.  When the prosecutor states that it has no objection to a defendant's motion, it is difficult to determine why an appeal would be lodged once the trial court grants the motion.  "This is a classic case of invited error.  Having told the court it had no objection to the motion for a new trial being heard on its merits, the state cannot complain of error which it induced." *State v. Bialec*, 8th Dist. No. 86564, 2006-Ohio-1585, ¶12.  For this reason, we overrule Appellant's assignment of error.  The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.