[Cite as *State v. Bradley*, 2018-Ohio-3005.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 15-18-03

      v.

GREGORY E. BRADLEY,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Van Wert Common Pleas Court
Trial Court No. CR 09-03-038

**Judgment Affirmed**

Date of Decision:    July 30, 2018

**APPEARANCES:**

    *Gregory E. Bradley,* **Appellant**

Case No. 15-18-03

**ZIMMERMAN, J.**

{¶1} Appellant, Gregory Bradley ("Bradley") appeals from the January 29, 2018 judgment entry of the Van Wert Common Pleas Court denying his motion for a new trial. Because we find the denial was proper, we affirm the trial court's decision.

*Facts and Procedural History*

{¶2} On July 9, 2009, Bradley was convicted, pursuant to a jury verdict, of one count of rape and one count of gross sexual imposition in the Van Wert County Common Pleas Court. Thereafter, the trial court sentenced Bradley to a prison term of fifteen years to life on the rape count, and a five-year prison term on the gross sexual imposition count, to be served concurrently. Bradley appealed, and in November, 2010, we affirmed the judgment of the trial court.[1] Subsequently, Bradley has filed numerous petitions for post-conviction relief, all of which were denied by the trial court and by this Court on appeal.[2]

{¶3} On December 21, 2017, Bradley filed a "motion for new trial" in the trial court. (Doc. 171). On January 29, 2018, the trial court denied the motion ruling that Bradley's request for a new trial was filed out of time pursuant to Crim.R. 33. (Doc. 175).

---

[1] Please see, *State v. Bradley*, 3d Dist. Van Wert No. 15-10-03, 2010-Ohio-5422, decided November 9, 2010.
[2] Please see, *State v. Bradley*, 3d Dist. Van Wert Nos. 15-11-02 (decided 6/29/11); 15-12-05 (decided 3/5/12); 15-12-08 (decided 11/19/12); 15-13-05 (decided 6/2/14); 15-14-09 (decided 4/27/15); 15-15-07 (decided 9/21/15); and 15-17-05 (decided 4/19/17).

{¶4} It is from this judgment that Bradley appeals, raising the following assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT OF VAN WERT COUNTY FOR THE STATE OF OHIO HAS VIOLATED EVIDENCE RULES 807(A)(1) – EVIDENCE RULE 807(A)3) AND CRIM.R.33(A)(1) THROUGH CRIM.R.33(A)(6).**

**ASSIGNMENT OF ERROR NO. II**

**THE PROSECUTION CLAIMS THAT MR. BRADLEY'S REQUEST FOR A NEW JURY TRIAL DOES NOT COMPLY WITH CRIM.R.33(A)(2), THE PROSECUTION IS IN ERROR.**

**ASSIGNMENT OF ERROR NO. III**

**THE PROSECUTION CLAIMS THAT MR. BRADLEY'S REQUEST FOR A NEW JURY TRIAL DOES NOT COMPLY WITH CRIM.R.33(A)(4), THE PROSECUTION IS IN ERROR.**

**ASSIGNMENT OF ERROR NO. IV**

**THE PROSECUTION CLAIMS THAT MR. BRADLEY'S REQUEST FOR A NEW JURY TRIAL DOES NOT COMPLY WITH CRIM.R.33(A)(5), THE PROSECUTION IS IN ERROR.**

{¶5} Because all of Bradley's assignments of error deal with the denial of his motion for a new trial, we will address them together.

*Standard of Review*

{¶6} The decision of whether to grant a new trial pursuant to Crim.R. 33 rests within the sound discretion of the trial court. *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. An appellate court reviews a trial court's

determination of a Crim.R. 33 motion under an abuse of discretion standard. *Id.* An abuse of discretion implies that the trial court's decision was "unreasonable, arbitrary, or unconscionable". *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

**{¶7}** In his arguments, Bradley contends that the trial court violated Crim.R. 33(A)(1)-(6) when it denied his motion for a new trial.

Crim.R. 33(A) provides as follows:

(A)  Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1)  Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2)  Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3)  Accident or surprise which ordinary prudence could not have guarded against;

(4)  That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5)  Error of law occurring at the trial;

(6)  When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶8} First, addressing Bradley's claims under Crim.R. 33(A)(2) and (3), we note that Crim.R. 33(C) provides: "[t]he causes enumerated in subsection (A)(2) and (3) *must* be supported by affidavit showing their truth, and may be controverted by affidavit". (Emphasis added).  In our review of the record, we find it void of any affidavit filed by Bradley in support of his motion for a new trial.  Therefore, on its face, Bradley's arguments pursuant to Crim.R. 33(A)(2) and (3) are without merit.

{¶9} However, a trial court may grant a new trial under Crim.R. 33(A)(6) "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial".  The language of Crim.R. 33 makes it clear that a trial court should not grant a new trial "'unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial'".  *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶103, quoting

*State v. Sanders*, 188 Ohio App.3d 452, 2010-Ohio-3433, ¶18, citing *State v. Samatar*, 152 Ohio App.3d 311, 2003-Ohio-1639, ¶35 (10th Dist.).

**{¶10}** Furthermore, the rule provides a time limit in which a defendant must file a motion for a new trial. Crim.R. 33(B) provides "[a]pplication for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered * * *. Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *." Crim.R. 33(B).

**{¶11}** In the case *sub judice*, Bradley filed his motion for new trial in the trial court on December 21, 2017. Bradley's (new trial) motion is based on his 2009 jury trial in which he was found guilty. In our review of the record, Bradley has failed to identify and produce *any* newly discovered evidence upon which would give him cause to file a new trial motion outside of the timeframe set forth in Crim.R. 33(B). As such, the trial court did not abuse its discretion by denying Bradley's motion for a new trial.

**{¶12}** Accordingly, Bradley's assignments of errors are not well taken and are overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particular assignment of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**