[Cite as *State v. Doogs*, 2020-Ohio-3769.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

SHELDON L. DOOGS,

    DEFENDANT-APPELLANT.

CASE NO. 16-19-08

O P I N I O N

Appeal from Wyandot County Common Pleas Court
Trial Court No. 19-CR-0017

Judgment Affirmed

Date of Decision:  July 20, 2020

APPEARANCES:

    *Sheldon L. Doogs,* Appellant

    *Eric J. Figlewicz* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Sheldon L. Doogs ("Doogs"), pro se, appeals the judgment of the Wyandot County Court of Common Pleas, alleging (1) that the trial court erred by allowing hybrid representation; (2) that his conviction is not supported by sufficient evidence; and (3) that the trial court erred in denying his motion for a new trial. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On February 5, 2019, Lieutenant Michael Gullifer ("Lieutenant Gullifer") of the City of Upper Sandusky Police Department was on patrol with Patrolman Charles Seeley ("Patrolman Seeley"). Tr. 115-116. Lieutenant Gullifer identified Doogs as a passenger in a pickup truck that was driving on the highway. Tr. 117. The driver of the vehicle was Doogs's fiancé, Samantha Newell ("Newell"). Tr. 210. At this time, there was a warrant for Doogs's arrest. Tr. 117-118. Lieutenant Gullifer and Patrolman Seeley initiated a traffic stop of the pickup truck. Tr. 117. After confirming that the warrant was active and confirming Doogs's identity, the police handcuffed him and placed him in the patrol car. Tr. 118-119.

{¶3} Lieutenant Gullifer testified that he "smell[ed] a strong odor of marijuana on [Doogs's] person." Tr. 119. This prompted Lieutenant Gullifer to

contact a canine unit to determine whether there was contraband present in the pickup truck. Tr. 119, 154. Officer Andrew Silcox ("Officer Silcox") arrived at the scene of the stop with a detection dog. Tr. 120. The dog alerted Officer Silcox that there was contraband present in the pickup truck. Tr. 120, 156. At this point, the police initiated a search of the pickup truck. Tr. 120, 157.

{¶4} Officer Silcox testified that he gave Doogs a *Miranda* warning and then asked Doogs if there was any contraband in the vehicle. Tr. 157. He testified that Doogs, in response, "stated something to the effect that I have a gun in my backpack." Tr. 157. Officer Silcox then went to the vehicle, obtained the backpack, and discovered a loaded nine millimeter handgun inside of it. Tr. 159. Lieutenant Gullifer testified that this "backpack * * * was just behind the front seat of the truck but on a raised bed or platform." Tr. 120. Officer Silcox stated that "the backpack was accessible to both the driver and the passenger * * *." Tr. 158.

{¶5} On February 6, 2019, Doogs was indicted on one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B). Doc. 1. On February 20, 2019, he filed a document requesting court appointed counsel. Doc. 8. On March 7, 2019, Doogs appeared before the trial court and informed those present that he wanted to represent himself in this matter. Doc. 17. After the trial court informed him of the standard to which he would be held, Doogs "then changed his mind and requested an attorney." Doc. 17. The trial court then appointed counsel to represent Doogs. Doc. 17.

{¶6} On August 28 and 29, 2019, a jury trial was held on these charges. Tr. 1. The jury returned a verdict of guilty on August 29, 2019. Doc. 46. On September 9, 2019, Doogs, pro se, filed a motion for judgment of acquittal and for a new trial. Doc. 47. On September 25, 2019, the trial court denied the requests made in this motion. Doc. 51. The trial court entered a judgment entry of sentencing on November 5, 2019. Doc. 67.

{¶7} The appellant filed his notice of appeal on November 22, 2019. Doc. 68. On appeal, Doogs raises the following three assignments of error:

**First Assignment of Error**

**The trial court committed plain error in subjecting the defendant-appellant to hybrid legal representation in violation of his Sixth and Fourteenth Amendment right to assistance of counsel and his Sixth Amendment right to defend pro se.**

**Second Assignment of Error**

**The trial court committed prejudicial and plain error in not entering a judgment of acquittal where the evidence was insufficient to sustain a conviction for mishandling of a firearm in a motor vehicle in violation of appellant's right to Due Process of Law under the Ohio and United States Constitution.**

**Third Assignment of Error**

**The trial court erred and abused its discretion in not granting the motion for new trial where the appellant presented a colorable claim of juror misconduct in violation of his absolute right to procedural due process of law.**

*First Assignment of Error*

{¶8} Doogs asserts that the trial court erred by allowing hybrid representation.

Legal Standard

{¶9} "A criminal defendant has the right to conduct their own defense * * *." *State v. Owens*, 3d Dist. Allen No. 1-07-66, 2008-Ohio-4161, ¶ 26. However, "[a] defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel." *State v. Keenan*, 81 Ohio St.3d 133, 138, 689 N.E.2d 929 (1998). "A criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel, but these two rights are independent of each other and may not be asserted simultaneously." *State v. Teagarden*, 5th Dist. Licking No. 17-CA-96, 2018-Ohio-3767, ¶ 26, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 32.

Legal Analysis

{¶10} After the jury returned a verdict, Doogs filed a pro se motion for acquittal and for a new trial even though he was represented by counsel at that time. Doc. 47, 51. On appeal, Doogs argues that the trial court erred by considering his pro se motion because this allowed hybrid representation. However, in its judgment entry, the trial court initially noted that Doogs's motion was "redundant" as his

appointed counsel had made these motions at trial. Doc. 51. *See* Tr. 250, 261. The trial court also stated the following:

> **Defendant's Motion does amount to hybrid representation as he is currently represented by court appointed counsel and filed the Motion pro se. Hybrid representation is not recognized in the State of Ohio and indeed is discouraged. The only reason the Court did not summarily strike the Defendant's Motion is because of his allegation of ineffective assistance of counsel. Accordingly the Court OVERRULES the Motion for Acquittal and Motion for New Trial as the Defendant did not support his request for the same, and/or in the alternative engaged in impermissible hybrid representation.**

Doc. 51. Thus, the trial court recognized Doogs's motion as a product of hybrid representation. Doc. 51. *See State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2016-Ohio-8424, ¶ 23.

**{¶11}** However, if the trial court erred in considering portions of this motion, this would constitute invited error. "Under the invited-error doctrine, 'a party is not entitled to take advantage of an error that he himself invited or induced the court to make.'" *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 108, quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27. Doogs chose to file a motion pro se while he was represented by counsel. He cannot now complain that his attempt to engage in a scheme of hybrid representation is the trial court's error. Further, Doogs has not demonstrated how he was prejudiced by the trial court's decision to consider portions of a motion that he filed. After reviewing the evidence in the record, we conclude that Doogs's

arguments regarding hybrid representation are without merit. Thus, his first assignment of error is overruled.

*Second Assignment of Error*

{¶12} Doogs asserts that his conviction is not supported by sufficient evidence because there was inconsistent testimony at trial.

Legal Standard

{¶13} A challenge to the sufficiency of the evidence supporting a conviction "is a question of law and a 'test of adequacy rather than credibility or weight of the evidence.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-37, 2018-Ohio-2438, ¶ 40, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19. "The sufficiency-of-the-evidence analysis addresses the question of whether adequate evidence was produced for the case to be considered by the trier of fact and, thus, whether the evidence was 'legally sufficient to support the verdict * * *.'" *State v. Luebrecht*, 3d Dist. Putnam No. 12-18-02, 2019-Ohio-1573, ¶ 36, quoting *State v. Worthington*, 3d Dist. Hardin No. 6-15-04, 2016-Ohio-530, ¶ 12. On appeal, the applicable standard

> **is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.**

*State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 8, quoting *State v. Plott*, 2017-Ohio-38, 80 N.E.3d 1108, ¶ 73 (3d Dist.).

{¶14} In order to establish a conviction for improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), the State must prove the defendant "[1] knowingly [2] transport[ed] or [had] a loaded firearm [3] in a motor vehicle [4] in such a manner that the firearm [was] accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B).

Legal Analysis

{¶15} At trial, Officer Silcox testified that, at the time of the stop, he asked Doogs if he had any contraband in the vehicle. Officer Silcox said that Doogs, in response, stated "something to the effect that I have my gun in my bag, or there is a gun in my bag * * *." Tr. 157. Tr. 157. He then affirmed that Doogs indicated the backpack that contained the handgun belonged to him. Tr. 157. He also testified that Doogs stated that there was a magazine in the handgun and that "[t]he magazine [had] rounds in it, but there was not a round in the chamber." Tr. 157. Officer Silcox stated that the name "Doogs" was stippled "on the bottom of the trigger frame." Tr. 159. Ex. 8. He further testified that Doogs stated that he had put the stippling on the firearm. Tr. 160.

{¶16} Officer Silcox also stated that the magazine was in the handgun at the time of its discovery. Tr. 161. He testified that there were eighteen rounds in the magazine. Tr. 161. He also testified that "the ammo [was] in the gun, and it's accessible to the people. And if you're to carry it properly, you need the ammo and the gun to be separate." Tr. 162. Officer Silcox further testified that Doogs, at the

time of the stop, did not deny placing the handgun into the vehicle and did not deny owning the handgun. Tr. 162.

{¶17} At trial, Lieutenant Gullifer testified that the location of the firearm was "within reach of both the passenger and the driver. They could easily just reach right over the seat and grab it * * *." Tr. 123. Lieutenant Gullifer testified that the magazine in the firearm was full at the time that it was found. Tr. 126-127. Lieutenant Gullifer testified that the driver of the vehicle, Samantha Newell ("Newell"), had indicated that she had purchased the handgun and had given it to Doogs. Tr. 124. He further testified that Newell had indicated that the backpack belonged to Doogs and that he had placed the handgun into the backpack. Tr. 124.

{¶18} Patrolman Seeley testified that he asked Newell several questions after the police stopped the pickup truck. Tr. 176. He testified that she indicated that there was a firearm in the vehicle. Tr. 175. He then stated that a firearm was found in a backpack in the vehicle; that the magazine was in the firearm; and that there were rounds in the magazine. Tr. 177. Patrolman Seeley also testified that Doogs did not deny owning the handgun and did not deny knowing that the handgun was in the vehicle. Tr. 181. He said that Doogs told him that he (Doogs) was going to Columbus for work and that he had the handgun with him to protect Newell. Tr. 181. Patrolman Seeley further stated that the firearm was tested and found to be operable. Tr. 183.

{¶19} Doogs points to the fact that the Defense produced some evidence that contradicts the evidence produced by the State to substantiate several elements of the charged offense. He argues that the presence of this contradictory evidence indicates that his conviction is based upon insufficient evidence. However, his argument assumes that the State produced some evidence to substantiate each of the essential elements of the offense. If the State had not produced some evidence to substantiate the essential elements of the offense, then the testimony produced by the Defense would not have any evidence to contradict.

{¶20} After examining the evidence in the record in a light most favorable to the prosecution, we conclude that the State did produce some evidence for each of the essential elements of the crime of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B). Based on the evidence presented at trial, a rational trier of fact could find that Doogs committed the offense as charged. Thus, Doogs's second assignment of error is overruled.

*Third Assignment of Error*

{¶21} Doogs filed a pro se motion for a new trial that alleged juror misconduct. He argues that the trial court erred in denying this motion.

Legal Standard

{¶22} "Crim.R. 33 sets forth grounds upon which a new trial may be granted." *State v. McMahan*, 8th Dist. Cuyahoga No. 82753, 2004-Ohio-229, ¶ 7. Under Crim.R. 33(A)(2), a motion for a new trial may be granted if "misconduct of

the jury" materially affects the defendant's substantial rights. Crim.R. 33(A)(2). "Crim.R. 33(C) provides: '[t]he causes enumerated in subsection (A)(2) * * * *must* be supported by affidavit showing their truth * * *.'" (Emphasis sic.) *State v. Bradley*, 3d Dist. Van Wert No. 15-18-03, 2018-Ohio-3005, ¶ 8. If a defendant files a motion for a new trial on the basis of jury misconduct pursuant to Crim.R. 33(A)(2) but "fails to provide supporting affidavits, the trial court, may in its discretion overrule the motion without a hearing." *State v. Butler*, 3d Dist. Marion No. 9-91-4, 1991 WL 234139, *3 (Nov. 7, 1991). *See State v. Pyle*, 9th Dist. Summit No. 28802, 2018-Ohio-3160, ¶ 50.

{¶23} "A reviewing court will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion." *State v. Todd*, 3d Dist. Logan No. 8-18-18, 2018-Ohio-4252, ¶ 24, quoting *State v. Sanders*, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905, ¶ 18 (10th Dist.). "An abuse of discretion is not merely an error of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Kleman*, 3d Dist. Hardin No. 6-19-01, 2019-Ohio-4404, ¶ 18, quoting *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23.

Legal Analysis

{¶24} We begin our analysis by noting that, in his first assignment of error, Doogs argues that the trial court erred by considering his pro se motion for a new

trial because his filing of this motion constituted hybrid representation. In his third assignment of error, Doogs argues that the trial court erred in denying this same pro se motion for a new trial. However, even if Doogs's motion for a new trial was not the product of hybrid representation, the arguments contained in this motion would still fail.

{¶25} In his motion for a new trial, Doogs alleged that, "immediately after jury deliberations, an unidentified juror in this case was observed giving a 'high five' signal to police officer Charles Seely [sic] * * *." Doc. 47.[1] The trial court denied Doogs's motion for a new trial, in part, because Doogs failed to substantiate his claim of juror misconduct in compliance with Crim.R. 33(C). Doc. 47, 51. A review of the record reveals that Doogs did not file an affidavit to substantiate the allegations in his motion for a new trial. *Bradley, supra*, at ¶ 8. Thus, Doogs did not comply with the requirements of Crim.R. 33(C) in filing his motion for a new trial. Doogs also has not identified any materials in the record that would substantiate the allegations in his motion for a new trial.

{¶26} Further, we note that Doogs has not cited—in his motion for a new trial or in his brief on appeal—any case law that suggests that such contact between a juror and a witness after jury deliberations is inappropriate or grounds for a new

---

[1] In its judgment entry, the trial court noted that Doogs did not allege any juror misconduct during deliberations. Doc. 51. Rather, the motion for a new trial expressly stated that the contact occurred "immediately *after* jury deliberations * * *." (Emphasis added.) Doc. 47. We note that, Doogs, in his appellate brief, states that this alleged contact occurred during jury deliberations. Appellant's Brief, 8.

trial. *See* Doc. 47, 51. For these reasons, we conclude that the trial court did not abuse its discretion in denying Doogs's motion for a new trial. The appellant's third assignment of error is overruled.

## *Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Wyandot County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**